IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ALYSSA BEEBE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-11-1381-HE |
| | ) | |
| ESTEBAN A. FLORES, | ) | |
| ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Alyssa Beebe seeks compensation for personal injuries, property damage, and attorneys fees she suffered as a result of collision between her vehicle and a tractor-trailer on January 31, 2008. According to her petition, the tractor-trailer was owned by defendant Southern California Transport, insured by defendant Great Northern Insurance Company, and driven by defendant Esteban Flores at the time of the collision. Plaintiff filed her first petition in state court against these defendants on October 30, 2009 asserting claims of negligence and respondeat superior. [Doc. #8-4]. That petition was dismissed without prejudice for failure to prosecute on August 5, 2011. *See* Doc. Nos. 8-7, 8-8. Plaintiff then filed the present suit in state court on October 25, 2011 asserting the same claims against the same defendants. Defendants removed the action to this court on November 21, 2011, invoking the court's diversity jurisdiction under 28 U.S.C. § 1332(a).

At issue is plaintiff's motion to remand the case to state court [Doc. #7]. She argues 28 U.S.C. § 1446(b) prohibits removal because the court's jurisdiction is based on diversity of citizenship and it has been more than one year since she filed her first petition. She argues

her first and second petitions are part of the same "action" within the meaning of § 1446(b) and the time for removal should therefore be calculated from October 30, 2009. The court disagrees. While there is no controlling authority on point, the courts which have addressed this issue uniformly agree that when an action is dismissed without prejudice—even when voluntarily so by the plaintiff—and subsequently re-filed, a new "action" is commenced for purposes of removal.[1] *E.g.* Jones v. Gen. Elec. Capitol Corp., 277 F. Supp. 2d 651, 653 (S.D. Miss. 2003); Chott v. Cal Gas Corp., 746 F. Supp. 1377, 1378 (E.D. Mo. 1990); *cf* Am. Nat'l Bank & Trust Co. of Sapulpa v. Bic Corp., 931 F.2d 1411, 1412 (10th Cir. 1991) (noting that when a federal district court dismisses a diversity action without prejudice so the plaintiff can re-file in state court against non-diverse defendants, the diverse defendant would have the ability to remove the new action back to federal court if the non-diverse defendants were fraudulently joined). Thus, the court analyzes the timeliness of removal from the perspective of the second petition.

Defendants have thirty days in which to file a notice of removal from the time they receive the summons or petition, if the action is removable as filed. *See* 28 U.S.C. 1446(b). Here, the action was commenced on October 25, 2011, defendants accepted service on November 2, 2011, and the action was removed on November 21, 2011. The plaintiff does not dispute that the amount in controversy and complete diversity requirements are satisfied,

---

[1] *This point is underscored by the fact that her first petition was in Case No. CJ-2009-61 while her second petition was in Case No. CJ-2011-57 (while in the state court). These are separate and distinct civil actions, even though they involve the same factual circumstances.*

and those requirements appear to be present based on the pleadings before the court. Accordingly, the case was properly removed to this court and plaintiff's motion to remand [Doc. #7] is **DENIED**.

**IT IS SO ORDERED**.

Dated this 12th day of January, 2012.

JOE HEATON
UNITED STATES DISTRICT JUDGE