IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ALYSSA BEEBE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-11-1381-HE |
| | ) | |
| ESTEBAN A. FLORES, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Alyssa Beebe asserts claims arising out of a collision between her vehicle and a tractor-trailer on January 31, 2008. According to her petition, the tractor-trailer was owned by defendant Southern California Transport ("SCT"), insured by defendant Great Northern Insurance Company ("Great Northern"), and driven by defendant Esteban Flores at the time of the collision. Her petition asserts negligence and respondeat superior claims against Flores and SCT, respectively. Presently at issue is defendant Great Northern's Rule 12(c) motion for judgment on the pleadings [Doc. #3] on the basis that plaintiff cannot maintain a direct action against it. Plaintiff has not responded.

The court analyzes a motion for judgment on the pleadings under Rule 12(c) using the same standard as a it would for a 12(b)(6) motion to dismiss. Park Univ. Enters., Inc. v. Am. Cas. Co. of Reading, PA, 442 F.3d 1239, 1244 (10th Cir. 2006). Thus, plaintiff's well-pleaded factual allegations are accepted as true and are considered in the light most favorable to her. Tomlinson v. El Paso Corp., 653 F.3d 1281, 1285-86 (10th Cir. 2011). The court need not accept legal conclusions as true, however. Kansas Penn Gaming, LLC v. Collins, 656 F.3d 1210, 1214 (10th Cir. 2011) (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50)).

Additionally, when considering a motion under 12(b)(6) or 12(c), the court may not consider matters outside the pleadings without treating the motion as one for summary judgment. *See* Fed. R. Civ. P. 12(d).

In Oklahoma, a plaintiff cannot maintain a direct action against a defendant's insurer absent statutory authorization. <u>Daigle v. Hamilton</u>, 782 P.2d 1379, 1381 (Okla. 1989). Oklahoma does recognize a joint action against a motor carrier and its insurer when the carrier is required by 47 Okla. Stat. § 169(A) or § 230.30(A) to file a liability insurance policy with the Oklahoma Corporation Commission. *See id.* (citing <u>Enders v. Longmire</u>, 67 P.2d 12 (1937)); <u>Fierro v. Lincoln Gen. Ins. Co.</u>, 217 P.3d 158, 161 (Okla. Civ. App. 2009) (Adams, J., concurring).

Plaintiff's petition alleges defendant Great Northern is a proper party under § 230.30(A). Petition, ¶ 6 [Doc. #1-1]. However, this court, other federal courts, and a panel of the Oklahoma Court of Civil Appeals, have held that § 230.30(A) does not authorize a direct action against the insurer of an out-of-state motor carrier that has registered in its "home" or "base" state and not with the Oklahoma Corporation Commission.[1] *E.g.* <u>Green v. Ace Am. Ins. Co.</u>, No. CIV-07-1377-HE, 2008 WL 4372871, at *2 (W.D. Okla. 2008) (unpublished order); <u>Fierro</u>, 217 P.3d at 160-61. Great Northern argues here that defendant

---

[1]*Oklahoma participates in the federal Unified Carrier Registration System, formerly the Single State Registration System. See 47 Okla. Stat. § 162.1. Under this registration system, a for-hire motor carrier engaged in interstate commerce that complies with the Federal Motor Carrier Safety Regulations and registers its liability insurance policy or bond in its base state need not register in any other state participating in the UCR agreement. See generally 49 U.S.C. §§ 13908, 14504a.*

SCT has registered in its "home state" of Washington and is therefore not subject to a direct action in Oklahoma. It supports its position with an affidavit from its general manager.

Plaintiff's assertion that Great Northern is a proper party under of § 230.30 is the type of legal conclusion the court is not bound to accept as true. The petition does not allege any facts indicating § 230.30 applies to defendants SCT or Great Northern, nor does it identify any other claim against Great Northern. Therefore, the plaintiff has not stated a claim against defendant Great Northern. Nevertheless, the court cannot grant judgment in favor of Great Northern without considering the affidavit defendant attached to its motion. And, in the circumstances of this case, the court declines to treat the motion as one for summary judgment. Therefore, the court views the present motion as raising, in substance, the question of whether the complaint states a claim.

Defendant Great Northern's motion for judgment on the pleadings [Doc. #3], viewed as a motion to dismiss for failure to state a claim, is **GRANTED**, and plaintiff's claims against Great Northern are **DISMISSED**. Plaintiff is granted leave to file an amended complaint stating a claim against Great Northern, if she can do so, within **fourteen (14) days**.

**IT IS SO ORDERED**.

Dated this 18th day of January, 2012.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE